FILED
2017 Oct-02 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

**ELKA MCGINNIS,**

**PLAINTIFF,**

**V.** **CIVIL ACTION NO.**

**METRO BANK,**

**DEFENDANT.** **JURY TRIAL DEMANDED**

# COMPLAINT

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*, 42 U.S.C. § 1981. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq.* (Title VII) and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII, and 42 U.S.C. § 1981, providing for injunctive and other relief prohibiting race discrimination, national origin discrimination, and retaliation.

2. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3. Plaintiff, ELKA MCGINNIS, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Springville, St. Clair County, Alabama. Plaintiff was formerly employed by Defendant.

4. Defendant, METRO BANK. (hereinafter "Defendant"), is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

## III. STATEMENT OF THE FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Defendant hired Plaintiff on or about November 20, 2011.

7. Defendant employed Plaintiff at its bank branch located at 35489 U.S. Highway 231 in Ashville, Alabama.

8. Defendant employed Plaintiff in the position of drive-thru bank teller.

9. At all times while employed with Defendant, Plaintiff performed her job duties in a competent or better manner.

10. Defendant terminated Plaintiff on March 24, 2017.

11. Shortly after Defendant terminated Plaintiff's employment, Defendant

placed Debbie Rossman, a female of European descent (colloquially known as "white"), in Plaintiff's former position.

**IV. COUNT ONE – Title VII – Race and/or National Origin- Termination.**

12. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 11 above.

13. Plaintiff is a woman of Hispanic descent and she is originally from the country of Panama.

14. Defendant hired Plaintiff on or about November 20, 2011.

15. Defendant terminated Plaintiff on March 24, 2017.

16. Shortly after Defendant terminated Plaintiff's employment, Defendant placed Debbie Rossman, a female of European descent (colloquially known as "white"), in Plaintiff's former position.

17. Defendant stated that it terminated Plaintiff's employment for alleged sexual harassment of Haley Layfield.

18. Defendant's reason for terminating Plaintiff's employment is not true, as Layfield engaged in harassing conduct.

19. Haley Layfield referred to Plaintiff as a "Pomeranian," and mocked Plaintiff's accent.

20. Layfield also referred to Plaintiff as "a Mexican."

21. Layfield told Plaintiff that she "hated Mexicans."

22. Layfield told Plaintiff to "go back to wherever you came from."

23. Plaintiff reported all of Haley Layfield's above comments to Defendant's Ashville Branch Managers, Laura Bryan and Don Sanders.

24. When Defendant's H.R. Employee Janet Allen terminated Plaintiff's employment, Plaintiff attempted to raise the issue of Layfield's conduct with Allen; but Allen responded by stating "you cannot play that card here, you have been here long enough. You should know our culture by now."

25. In violation of Title VII, Defendant terminated Plaintiff's employment because of her race and/or national origin.

26. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

**V. COUNT TWO – Race – 42 U.S.C. § 1981 - Termination.**

27. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 26 above.

28. Plaintiff is a woman of Hispanic descent and she is originally from the country of Panama.

29. Defendant hired Plaintiff on or about November 20, 2011.

30. Defendant terminated Plaintiff on March 24, 2017.

31. Shortly after Defendant terminated Plaintiff's employment, Defendant placed Debbie Rossman, a female of European descent (colloquially known as

"white"), in Plaintiff's former position.

32. Defendant stated that it terminated Plaintiff's employment for alleged sexual harassment of Haley Layfield.

33. Defendant's reason for terminating Plaintiff's employment is not true, as Layfield engaged in harassing conduct.

34. Haley Layfield referred to Plaintiff as a "Pomeranian," and mocked Plaintiff's accent.

35. Layfield also referred to Plaintiff as "a Mexican."

36. Layfield told Plaintiff that she "hated Mexicans."

37. Layfield told Plaintiff to "go back to wherever you came from."

38. Plaintiff reported all of Haley Layfield's above comments to Defendant's Ashville Branch Managers, Laura Bryan and Don Sanders.

39. When Defendant's H.R. Employee Janet Allen terminated Plaintiff's employment, Plaintiff attempted to raise the issue of Layfield's conduct with Allen; but Allen responded by stating "you cannot play that card here, you have been here long enough. You should know our culture by now."

40. In violation of 42 U.S.C. § 1981, Defendant terminated Plaintiff's employment because of her race and/or national origin.

41. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

## VI. COUNT THREE – Retaliation – Title VII - Termination.

42. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 41 above.

43. Haley Layfield referred to Plaintiff as a "Pomeranian," and mocked Plaintiff's accent.

44. Layfield also referred to Plaintiff as "a Mexican."

45. Layfield told Plaintiff that she "hated Mexicans."

46. Layfield told Plaintiff to "go back to wherever you came from."

47. Plaintiff reported all of Haley Layfield's above comments to Defendant's Ashville Branch Managers, Laura Bryan and Don Sanders.

48. Defendant terminated Plaintiff on March 24, 2017.

49. When Defendant's H.R. Employee Janet Allen terminated Plaintiff's employment, Plaintiff attempted to raise the issue of Layfield's conduct with Allen; but Allen responded by stating "you cannot play that card here, you have been here long enough. You should know our culture by now."

50. But for Plaintiff's complaint of Layfield's discriminatory remarks, Defendant would not have terminated Plaintiff's employment.

51. In violation of Title VII, Defendant terminated Plaintiff because she reported discriminatory remarks that were stated directly to her by a co-worker.

52. As a result of Defendant's violation of Title VII, Plaintiff has been

damaged, suffering loss of pay, benefits, mental anguish.

**VII. COUNT FOUR – Retaliation – 42 U.S.C. § 1981 - Termination.**

53. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 51 above.

54. Haley Layfield referred to Plaintiff as a "Pomeranian," and mocked Plaintiff's accent.

55. Layfield also referred to Plaintiff as "a Mexican."

56. Layfield told Plaintiff that she "hated Mexicans."

57. Layfield told Plaintiff to "go back to wherever you came from."

58. Plaintiff reported all of Haley Layfield's above comments to Defendant's Ashville Branch Managers, Laura Bryan and Don Sanders.

59. Defendant terminated Plaintiff on March 24, 2017.

60. When Defendant's H.R. Employee Janet Allen terminated Plaintiff's employment, Plaintiff attempted to raise the issue of Layfield's conduct with Allen; but Allen responded by stating "you cannot play that card here, you have been here long enough. You should know our culture by now."

61. But for Plaintiff's complaint of Layfield's discriminatory remarks, Defendant would not have terminated Plaintiff's employment.

62. In violation of 42 U.S.C. § 1981, Defendant terminated Plaintiff because she reported discriminatory remarks that were stated directly to her by a

co-worker.

63. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII, and 42 U.S.C. § 1981.

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and 42 U.S.C. § 1981.

C. Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

ALLEN D. ARNOLD

KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

OF COUNSEL

DEFENDANT'S ADDRESS:
METRO BANK
c/o Jason M. Dorough
Highway 231 South
Pell City, AL 35125